ROZELLE VS. PENNINGTON & JAY.

In a suit against the assigner of a writing obligatory, although the plaintiff must prove that demand was made of the obligor within a reasonable time, and notice of non-payment given, he is not confined to the precise dates alleged in the declaration; and so, the court erred in sustaining a demurrer to the declaration because, the allegations of demand and notice did not show due diligence.

*Error to Pulaski Circuit Court.*

Hon. LIBERTY BARTLETT, Circuit Judge.

GARLAND & NASH, FARR & VAUGHAN, for plaintiff.

The main point is, whether, under the general averment of demand and notice of non-payment, evidence of circumstances dispensing with such demand and notice is admissible. Admitting that, to charge the indorser, demand must be made of the principal and notice of non-payment given to the indorser, or a legal excuse proven, we contend that no averment of the excuse need be made—such excuse may be proved at the trial, though demand and notice be alleged in the declaration. 1 *Parsons on Bills and Notes*, 465 ; *Ruddell & McGuire vs. Walker*, 2 *Eng.*, 457 ; *Edwards on Bills and Pro. Notes*, 633-4, 676 ; *Hine vs. Allely*, 4 *Barn. & Ad.*, 624; 2 *Green. Ev.*, sec. 197; 5 *Pick.*, 435, 444. There is no difference between a general allegation as to the time of demand and notice, and a special one. *Jones vs. Robinson*, 3 *Eng.*, 484. The real time may be proved as well as facts and circumstances which would excuse or would be equivalent to a demand.

GALLAGHER & NEWTON, and RICE, for the defendant.

The demand and notice alleged in the declaration is not sufficient to fix the liability of the indorsers. *Ellis vs. Dunham*, 14 *Ark.*, 127; *Levy vs. Drew*, 14 *Ark.*, 334. An averment of notice

is indispensable to entitle the plaintiff to recover, and its omission in the declaration is a fatal defect. *Anderson vs. Yell*, 15 *Ark.*, 13.

Where the necessary notice has not been given and there is a sufficient legal excuse for such omission, the excuse must be averred. 1 *Saund. Pl. and Ev.*, 476. And so where the averment is that the demand was made at a time that, upon the face of the declaration, is clearly unreasonable, there an averment of the reason of the delay must be stated.

Mr. Justice COMPTON delivered the opinion of the court.

This was an action of debt, brought by Rozelle against Pennington & Jay, as indorsers of a writing obligatory.

The declaration alleges that on the 1st day of January, 1861, the writing obligatory was executed by James B. Johnson to Pennington & Jay, payable on demand, and that " on, to wit, the day aforesaid," Pennington & Jay indorsed it to William R. Vaughan, who, " on, to wit, the 10th day of October, 1865," indorsed it to the plaintiff. The declaration then avers presentment for payment and refusal to pay, " on, to wit, the 11th day of October, 1865, of which the defendants then and there had notice."

The court below sustained a demurrer to the declaration and the plaintiff declining to plead further, final judgment was rendered, discharging the defendants.

The ground of the demurrer is, that the declaration shows on its face, that the writing obligatory was not presented for payment, and notice of non-payment given within a reasonable time—or in other words, that the declaration shows such want of diligence, in respect to demand and notice, as discharges the defendants from liability as indorsers; and this would be so, if the plaintiff, upon the introduction of evidence, could be confined to the precise dates alleged in the declaration, but the law has been settled otherwise. In *Holleville vs. Patrick*, 14 *Ark.*, 208, it was held to be unnecessary to aver in the declaration the precise time

when the assignments were made, or when payment was required, or notice of non-payment given—such being matters of evidence, which, for the sake of brevity and perspicuity in pleading, ought not to be stated; and if stated under a *videlicet*, might be rejected as surplusage. In that case, the court said, it could not "admit of serious doubt, that it was competent for either party on the trial, to have proved that the assignments had been made, or that payment had been demanded, or notice of non-payment given at different periods from those averred in the declaration. Neither party was bound by those precise dates, and might, as we have seen, have treated them as surplusage, and for aught we can know, such proof might have been actually made as above indicated."

It follows that the court erred in sustaining the demurrer to the declaration, for which error, the judgment must be reversed and the cause remanded for further proceedings.